United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF EMERYVILLE and the EMERYVILLE REDEVELOPMENT AGENCY,

    Plaintiffs,

v.

ELEMENTIS PIGMENTS, INC., a Delaware corporation; THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation; PFIZER, INC., a Delaware corporation; A&J TRUCKING COMPANY, INC., a dissolved California corporation; BAKER HUGHES, INC., a Delaware corporation; ARTHUR M. SEPULVEDA and JOSEPHINE SEPULVEDA, individually and as TRUSTEES OF THE SEPULVEDA FAMILY LIVING TRUST; and THE SEPULVEDA FAMILY LIVING TRUST,

    Defendants.

No. C 99-03719 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT SHERWIN-WILLIAMS' MOTION TO ALTER OR AMEND JUDGMENT**

**INTRODUCTION**

In this environmental-contamination dispute, defendant The Sherwin-Williams Company moves for alteration or amendment of judgment. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

The circumstances of this case have been set forth in a previous order and need not be repeated in detail here (October 29, 2008 Order, Dkt. No. 209). In brief, this action concerns

1    contamination and remediation of two adjacent sites in Emeryville, California.  In August 1999,
2    plaintiffs the City of Emeryville and the Emeryville Redevelopment Agency filed suit against
3    Sherwin-Williams and other defendants for alleged contamination of one of the two sites
4    ("Site A").  A settlement agreement was reached and approved by order in February 2001.
5    The settlement agreement included, *inter alia*, a release provision and a contribution bar.
6    Five years later, in May 2006, the Emeryville Redevelopment Agency commenced an action in
7    state court for alleged contamination of the adjacent site ("Site B") against Sherwin-Williams,
8    the City of Emeryville, and others.  The other defendants filed cross-claims against each other
9    seeking contribution and/or indemnity.

10    In July 2008, Sherwin-Williams moved to enforce the settlement agreement, including
11   the release provision and contribution bar, and obtain dismissal with prejudice of the claims
12   filed against it in the Site B action.  Sherwin-Williams' motion was granted in part and denied
13   in part.  Sherwin-Williams prevailed on its argument to uphold the release provision and dismiss
14   the direct claims filed against it in the Site B action, but not on its argument for contribution
15   protection.  Neither Sherwin-Williams nor the City of Emeryville and the Emeryville
16   Redevelopment prevailed on their requests for attorney's fees.  Now, Sherwin-Williams moves
17   to alter or amend the judgment.

**ANALYSIS**

19    Relief under FRCP 59(e) is "an extraordinary remedy, to be used sparingly in the
20   interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934,
21   945 (9th Cir. 2003).  A motion under FRCP 59(e) "should not be granted, absent highly unusual
22   circumstances, unless the district court is presented with newly discovered evidence, committed
23   clear error, or if there is an intervening change in the controlling law."  Such a motion "may not
24   be used to raise arguments or present evidence for the first time when they could reasonably
25   have been raised earlier in the litigation."  *Ibid.*

26    Sherwin-Williams has not presented any new evidence or identified any changes of law.
27   Instead, it seeks (i) confirmation that the settlement agreement's release provision, upheld in the
28   October 29 order, applied to both the City of Emeryville and the Emeryville Redevelopment

2

Agency and (ii) an award of its attorney's fees and costs incurred in its contract claim against the City and the Redevelopment Agency.

As to confirmation regarding the release provision, the October 29 order correctly held that "the release protects Sherwin-Williams from direct liability to Emeryville for the claims raised against it in the Site B action, insofar as those claims are based on contamination that emanated from Site A" (Dkt. No. 209 at 9). Consistent with earlier proceedings in the litigation, Emeryville was defined to include "collectively" the City of Emeryville and the Emeryville Redevelopment Agency (*id.* at 1). Subsequently, in its concluding paragraph, the order reiterated "that the settlement released the claims now asserted by the Emeryville Redevelopment Agency in the Site B action and dismissal with prejudice of those claims, insofar as those claims arise from or relate to contaminates that emanated from Site A." It is worth restating that the only plaintiff in the Site B action is the Emeryville Redevelopment Agency, and that the City of Emeryville is a named defendant in that action. Nonetheless, the sentence at issue in the concluding paragraph should have referenced "Emeryville" meaning both the City and the Redevelopment Agency, and not the Redevelopment Agency alone. This was an oversight. Whether a FRCP 59(e) motion was required to clarify this point is another matter. Nevertheless, Sherwin-Williams' motion for alteration or amendment of judgment on this count is **GRANTED**.

As to attorney's fees, Sherwin-Williams relies upon California Civil Code Section 1717 and *Hsu v. Abbarra*, 9 Cal. 4th 863 (1995), to argue that it was entitled to attorney's fees as a matter of law. Sherwin-Williams' argument is unavailing. *First*, Sherwin-Williams' argument in reliance on Section 1717 and *Hsu* was not previously advanced though it could have been when Sherwin-Williams moved for enforcement of the settlement agreement. *Second*, even had the argument been raised earlier in the litigation, Sherwin-Williams would still not have been entitled to attorney's fees.

In pertinent part, the settlement agreement provided (Wick. Decl. Exh. B at 3):

> [I]n the event there is a dispute over the terms of this Settlement Agreement which the disputing Parties cannot resolve among themselves, such dispute shall be heard and resolved by the Court. The parties further agree that the prevailing party in such dispute

3

> before the Court shall be entitled to recover reasonable attorneys' fees, disbursements and court costs.

California Civil Code Section 1717(a) states:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Section 1717 goes on to define the "prevailing party on the contract" as "the party who recovered a greater relief in the action on the contract" and states that a trial court "may also determine that there is no party prevailing on the contract for purposes of this section." Cal. Civ. Code § 1717(b)(2).

In *Hsu*, the California Supreme Court concluded that "[w]hen a defendant obtains a simple, unqualified victory by defeating the only contract claim in the action, section 1717 entitles the successful defendant to recover reasonable attorney fees incurred in defense of that claim if the contract contained a provision for attorney fees." *Hsu*, 9 Cal. 4th at 877. Conversely, "when the ostensibly prevailing party receives only a part of the relief sought," the result is "mixed," and the trial court has "discretion to find no prevailing party when the results of the litigation are mixed." *Id.* at 875–76. *Hsu* directed trial courts to examine the parties' "litigation objectives as disclosed by the pleadings, trial brief, opening statement and similar sources" and "the extent to which each party has succeeded and failed to succeed in its contentions." *Id.* at 876.

Sherwin-Williams' objectives in bringing its motion to enforce the settlement agreement were to obtain an order (i) confirming that the settlement released the claims asserted against it in the Site B action and provided contribution protection, (ii) compelling dismissal of the complaint and cross-complaints against it in the Site B action, and (iii) awarding it attorney's fees and costs incurred in filing the motion to enforce the settlement agreement and in defending the Site B action. Resolution of the motion required construction of in primary part two provisions of the settlement agreement: the release provision and the contribution bar.

4

Sherwin-Williams prevailed in its objectives as to the former but failed in its objectives as to the latter.

Despite this clearly "mixed" result, Sherwin-Williams now argues that it "obtained a 'simple, unqualified victory'" as it prevailed on the only contract claim at issue (Br. 9); namely, that related to the release provision. It maintains that its failure to prevail on the "separate claim" for contribution protection was not "on the contract" and thus did not render the results mixed (*ibid.*). Sherwin-Williams is most mistaken.

"An action is 'on the contract' when it is brought to enforce the provisions of the contract." *MBNA America Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 7–8 (2007) (internal citation omitted). The contribution bar was no less a provision of the contract than was the release provision. The settlement agreement itself provided that "protection from contribution and/or indemnity claims . . . are integral and nondivisible to this Settlement Agreement," (Dkt. No. 159 Exh. B at 9). In its motion to enforce the settlement agreement, Sherwin-Williams explained that it derived "three primary benefits from the Settlement Agreement" one of which was "contribution protection against future claims" (Dkt. No. 158 at 5). Later, in its reply brief, Sherwin-Williams asserted that "the Settlement Agreement provides Sherwin-Williams with contribution protection from the claims asserted by the other parties in the state court action" (Dkt. No. 176 at 10). In a similar action involving construction and enforcement of a contract, the California Court of Appeal deemed an argument akin to Sherwin-Williams' as "patently absurd." *City and County of San Francisco v. Union Pacific Railroad Company*, 50 Cal. App. 4th 987, 1000 (1996) ("To contend, as the City does, that its action for declaratory relief to determine the rights of the parties under that lease language is not 'on the contract' is patently absurd").

Contrary to Sherwin-Williams' assertion, it did not obtain a "simple, unqualified victory" on its motion to enforce the settlement agreement. This order recognizes that viewed in isolation, Sherwin-Williams did prevail as against Emeryville with respect to the release provision. Nonetheless, an important second issue concerned the contribution bar in which Emeryville had a substantial indirect stake, as any recovery against other defendants in the Site B

action can now be passed on in part to Sherwin-Williams via contribution, all to the indirect benefit of Emeryville. This was a "mixed" result. Accordingly, denial of the requests for attorney's fees by both Sherwin-Williams and Emeryville was well within the Court's discretion. Sherwin-Williams' motion for alteration or amendment of judgment on this count is **DENIED**.

## CONCLUSION

For the foregoing reasons, Sherwin-Williams' motion for alteration or amendment of judgment is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated: November 25, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE