United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CITY OF EMERYVILLE and the
EMERYVILLE REDEVELOPMENT AGENCY,

    Plaintiffs,

v.

ELEMENTIS PIGMENTS, INC., a Delaware corporation, THE SHERWIN-WILLIAMS COMPANY, an Ohio corporation, PFIZER, INC., a Delaware corporation, A&J TRUCKING COMPANY, INC., a dissolved California corporation, BAKER HUGHES, INC., a Delaware corporation, ARTHUR M. SEPULVEDA and JOSEPHINE SEPULVEDA, individually and as Trustees of the Sepulveda Family Living Trust, and THE SEPULVEDA FAMILY LIVING TRUST,

    Defendants.
    /

No. C 99-03719 WHA

**ORDER RESOLVING DISPUTE OVER MEANING OF 2001 SETTLEMENT AGREEMENT AND VACATING HEARING**

It seems odd that Emeryville could bring a motion for attorney's fees in this Court after such a long delay and without ever having made such a motion in state court. This alone is a basis for denying all relief but, in the interest of comity to Judge Wynne Carvill, a most excellent trial judge and public servant, this order will take the time to sort out the issues that seem to be of interest of him. In the course of doing so, it will become apparent why this Court does not have jurisdiction to entertain the type of motion wished by Emeryville.

    \*        \*        \*

When Emeryville acquired assignments of *third-party* rights to sue the Sherwin-Wiliams Company for contribution and indemnity, those claims were *not* somehow shoehorned into

the earlier 2001 settlement agreement disposing of *direct* claims between Emeryville and Sherwin-Williams. Instead, those newly-acquired rights against Sherwin-Williams stood apart. The earlier settlement agreement did not add or subtract from those new rights. So, to determine the extent to which those third-parties (and now Emeryville in their shoes) could recover attorney's fees as a prevailing party, it would be necessary to look outside — and only outside — the four corners of our earlier 2001 settlement agreement. By the way, the federal order herein on November 25, 2008, already so held in stating that claims for contribution and indemnity were not regulated by the settlement agreement.

Therefore, any petition for attorney's fees based on Emeryville's victory against Sherwin-Williams on the assigned claims for indemnity and contribution must be made somewhere other than this Court, for federal jurisdiction was not retained for this purpose.

\*          \*          \*

Turning now to one other aspect to the state court litigation, namely Emeryville's attempt to sue Sherwin-Williams *directly on its own claims* for Site A dressed up to look like Site B claims, Judge Carvill rejected this theory on the merits. Conceivably, there is a basis under state or other law to allow recovery of attorney's fees for this victory by Sherwin-Williams. Judge Carvill wishes, however, to know whether the 2001 settlement agreement would authorize him to award fees to Sherwin-Williams for this victory against Emeryville.

In the 2001 settlement agreement, Section III entitled "Jurisdiction" provided that "the Court [meaning this federal court] may issue such further order as may be necessary or appropriate to construe, implement or enforce the terms of this Settlement Agreement." The same paragraph provided that disputes over the terms of the agreement "shall be heard and resolved by the Court" and that the prevailing party on "such dispute *before the Court* shall be entitled to recover reasonable attorney's fees . . ." (emphasis added).

The only "dispute before the Court" is the pending motion to declare and construe the terms of the 2001 settlement agreement. The dispute over the interplay between Site A and Site B and the extent to which they were released was litigated before Judge Carvill — not

2

before this Court. Again, the only attorney's fees motion reserved for decision by the federal court was one actually litigated before the federal court, not one litigated in state court.

Therefore, the only item for which this Court has reserved jurisdiction is the explanation of the agreement set forth in this short order. Neither side clearly prevailed on this issue and, therefore, no attorney's fees or costs are awarded.

In one respect, a later section in the agreement, Section XI(J), helps Sherwin-Williams. It provided "in any action taken to enforce the provisions of the Settlement Agreement, the prevailing party shall be entitled to recover reasonable attorney's fees . . . ." This order reads this slightly broader provision to allow Sherwin-Wiliams, before Judge Carvill *as to the direct claim only*, to recover its fees in enforcing its 2001 release in the state court litigation. This order reads the quoted provision to apply to "any action," not just the one litigated in this federal court. Any such fees claims must be litigated before Judge Carvill, which is the practical outcome, given that he heard the case on the merits. This pertains solely to the *direct* claims and the win by Sherwin-Williams.

As for Emeryville's win on the *assigned* claims, to repeat, nothing in the settlement agreement supplies or bars a basis for securing attorney's fees. Therefore, Judge Carvill has the blessings of this Court to proceed to award attorney's fees or not as he deems just arising out of all of the litigation before him. In no way does this order suggest that he should grant fees to anyone, there being a plague on both houses in this case.

Think about it. Here we are twelve years later and counsel are still billing time to this case. A well-drafted agreement by them would have eliminated at least some of the expense of this monster. Rather than do that, they drafted language that has turned into repeat satellite litigation and now they are billing yet more time to find out what they meant in the first place.

The hearing set for November 29 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: November 21, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3